

TRINITY CENTRE
115 BROADWAY, 17TH FLOOR
NEW YORK, NY 10006
TEL: (212) 566-1000
FAX: (212) 566-1068

September 8, 2014

<u>Via ECF</u>
Honorable Shira A. Scheindlin
United States District Judge
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Damon Grooms</u>
Ind. # 13 Cr. 242(SAS)

<u>OBJECTIONS TO PRE-SENTENCE REPORT</u>

Dear Judge Scheindlin:

In preparation for Sentencing on September 22, 2014, Mr. Grooms makes the following objections to the Pre-Sentence report dated July 22, 2014:

1. *Criminal History Computation – ¶ 51-53:*

Probation assigned a total criminal history score of 5, as a result of 2 purported, prior misdemeanor convictions (Criminal Possession of a Weapon and Criminal Possession of Marijuana) and a finding that Mr. Grooms committed the instant offense while on New York State probation. Mr. Grooms objects to this computation on both fronts because it is factually incorrect and substantially over-represents the seriousness of Mr. Grooms' criminal history under U.S.S.G. §4A1.3.

Each of Mr. Grooms' prior criminal state contacts (Criminal Possession of a Weapon and Criminal Possession of Marijuana) were misdemeanor charges, committed when Mr. Grooms was only 16 and 17 years old. Accordingly, he was granted YO – or youthful offender status – which under New York State law the contacts are not considered <u>criminal convictions</u>. The records are sealed. By all accounts, other than the U.S.S.G, Mr. Grooms has <u>no</u> criminal convictions other than instant matters. Moreover, given the present trend toward the legalization – or non-prosecution - of minor marijuana offenses, the marijuana charge in Mr. Grooms' past may soon be an offense the NY State chooses not to prosecute.

In addition, originally, each sentence for these misdemeanors involved no jail time.  Due to probation violation on the weapons charge, Mr. Grooms was re-sentenced to 4 months subsequent to his original sentence.  Importantly, the sentence on both of these charges was imposed on March 17, 2010 - the same day.  Although two separate convictions under the U.S.S.G., the ultimate sentence for the misdemeanor weapons possession all but subsumed the marijuana offense.

Mr. Grooms further objects to the additional 2 points added pursuant to U.S.S.G. § 4A1.1 (d), which was due to the belief that Mr. Grooms committed the instant crime while he was on probation.   This is not technically correct.  Mr. Grooms was on New York State probation March 20, 2010 until July 24, 2011, at which time his probation was revoked and he was re-sentenced to 4 months incarceration.  In line with this plea allocation, Mr. Grooms' criminal conduct in the instant matter, however, did not begin until in or around 2012, well after his probation was terminated.  Notably, the PSR indicates that "[i]n 2012, the NYPD and FBI began conducting a joint investigation into heroin and crack cocaine trafficking…" See ¶10.  Indeed, Mr. Grooms admitted to being part of a conspiracy that, according to the instant indictment, was alleged to exist since 2008.  However, it is unfair and unreasonable to enhance Mr. Grooms' criminal history when his actual criminal conduct did not occur until after his probation period was terminated.

## 2. *The Offense Conduct* - ¶10-13:

Mr. Grooms objects to the description that he was a "manager" in the instant drug conspiracy.  Although he stands by his allocation that he engaged in drug sales – as a street seller - from early 2012 until the present, he rejects the notion that his actions were managerial.  Specifically, and contrary to the statements in the PSR, Mr. Grooms adamantly denies that he ever distributed the drugs he received from runners to the drug sellers.  He further denies that he ever received drug proceeds from the street sales made by other drug sellers and pass those proceeds on to runners (who eventually passed it up to the leaders of the conspiracy). Furthermore, Mr. Grooms denies that he ever directed, or ordered, any other members in the conspiracy as part of his role in the conspiracy.  Instead, Mr. Grooms strongly maintains that his role was that of a street, drug seller with no other jobs or responsibilities within the conspiracy.

Thank you for your attention to this matter.

                                    Respectfully submitted,

                                    SULLIVAN & BRILL, LLP

                                    By: Steven Brill

Cc: AUSA Jared Lenow *via ECF/E-mail*